UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Solar Liberty Energy Systems, Inc., ) | Civil No. 11cv884 AJB (RBB) |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER GRANTING DEFENDANT'S |
| ) | MOTION TO SET ASIDE DEFAULT |
| MARK SUACCI, an individual; SHANE ) | AND DENYING PLAINTIFF'S MOTION |
| SHAW, an individual; E-VILLAGE, INC. ) | FOR DEFAULT JUDGMENT |
| dba ) | |
| E-VILLAGE SOLAR, ) | [Doc. Nos. 8 and 15] |
| ) | |
| Defendants. ) | |

Plaintiff, Solar Liberty Energy Systems, Inc., filed a Motion for Default Judgment (Doc. No. 8) on August 2, 2011. Defendant Marc Suacci (Suacci) filed a Motion to Set Aside Default (Doc. No. 15) on October 12, 2011. Plaintiff filed an opposition (Doc. No. 18), Defendant Suacci filed a reply (Doc. No. 19), and Plaintiff filed a sur-reply (Doc. No. 20). The Court finds these motion appropriate for submission on the papers without oral argument pursuant to Local Civil Rule 7.1.d.1. Based upon the parties' moving papers and for the reasons set forth herein, Defendant's motion to set aside default is hereby GRANTED, and Plaintiff's motion for default judgment is DENIED.

### *Background*

Plaintiff Solar Liberty Energy Systems, Inc. engages in the business of selling and installing solar modules. (Doc. No. 18 at 1.) Plaintiff agreed to purchase solar modules from Captain Voltage and E-Village LLC for the total amount of $971,349.00 in early 2006. (Doc. No. 18 at 2.) Plaintiff claims

that merchandise totaling $823,696.00 was delivered, with $147,653.00 in merchandise undelivered. *Id.* Plaintiff also claims to have incurred $2,950.00 for freight charges that Captain Voltage and E-Village LLC agreed to pay but failed to do so. *Id.*

On January 12, 2010, Plaintiff obtained a default judgment in the United States District Court in the Western District of New York in the amount of $201,103.96 against Captain Voltage and E-Village, LLC. *Id.* The judgment was entered against Captain Voltage and E-Village, LLC on February 24, 2010. *Id.* On March 14, 2011, Plaintiff received an "Exemplification Certificate" from the United States District Court for the Western District of New York for the February 24, 2010 judgment. (Decl. Simenton, ¶ 2; Exhibit 2.)  On March 18, 2011, Plaintiff obtained a Clerk's Certification of Judgment, which was registered in California. *Id.*  On March 24, 2011, Plaintiff obtained a Writ of Execution for $220,631.83, plus daily interest at the rate of $49.59. (Decl. Simenton, ¶ 2; Exhibit 3.)

Following entry of judgment, Plaintiff alleges that Captain Voltage became a suspended corporation and that Suacci and Defendant Shane Shaw (Shaw) transferred the assets of Captain Voltage and/or E-Village, LLC to themselves and/or E-Village, Inc. in order to avoid paying the judgment amount. (Compl. ¶ 30.)   Plaintiff claims that Suacci and Shaw are or were the owners of Captain Voltage and E-Village, LLC. (Compl. ¶ 31.) Plaintiff also contends that E-Village, Inc. agreed to be liable for the amount due under agreement by Captain Voltage and E-Village LLC, through its owners, Suacci and Shaw. (Compl. ¶ 32.) Plaintiff alleges Suacci and Shaw have acknowledged and agreed in writing that Plaintiff is owed the judgment amount of $201,103.96. *Id.*  Plaintiff claims that Captain Voltage and E-Village Solar LLC are the Defendants' agent and alter ego, yet Suacci and Shaw have held themselves personally liable for the debt. *Id.*

Plaintiff alleges that Shaw, E-Village Inc., and Suacci could not be added to the 2010 New York judgment in California, because it was obtained by default. (Doc. No. 18 at 2.)  Plaintiff thus retained local counsel and filed the instant Complaint against Shaw, E-Village Inc., and Suacci on April 26, 2011. (Doc. No. 18 at 3.)

### *Procedural History*

On April 26, 2011, the Complaint was filed and a Summons and Complaint issued. (Decl. Simenton, ¶ 9; Doc. No. 1, 2.) On June 14, 2011, Plaintiff alleges that the Summons and a copy of the

Complaint were properly and timely served upon Suacci. (Decl. Simenton, ¶ 9; Doc. 3, 14.) Accordingly, Suacci would have been required to file a responsive pleading on or before July 5, 2011, which was twenty-one (21) days after service of the Summons and Complaint, pursuant to FRCP 12(a)(1)(A). (Decl. Simenton, ¶ 9.)

Suacci did not file a responsive pleading, appear, or defend the suit in any way. (Decl. Simenton, ¶ 9.) As a result, on July 18, 2011, the Clerk entered default against Suacci for failing to answer the Complaint. (Decl. Simenton, ¶ 9; Doc. No. 7.) On August 2, 2011, Plaintiff filed a Motion for Default Judgment against Suacci in the amount of $201,103.96, plus interest accruing at $49.59 per day from February 24, 2010. *Id.* On October 12, 2011, Suacci filed a Motion to Set Aside Default. (Doc. 15-1.) This Court had initially set the hearing on the motion for entry of default for October 14, 2011, but continued it to November 10, 2011.

### *Legal Standard*

**A.  Motion to Set Aside Default**

Federal Rule of Civil Procedure 55(c) provides that a court may set aside the entry of default "for good cause shown." Factors to be considered when deciding whether to set aside an entry of default judgment include: (1) whether the plaintiff would be prejudiced by a set-aside; (2) whether the defendant can present a meritorious defense to the claim; and (3) whether the defendant's "culpable conduct" led to the default. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984); *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000).

**B. Motion for Entry of Default Judgment**

Rule 55(a) of the Federal Rules of Civil Procedure requires the Clerk of the Court to enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Rule 55(b)(2) provides that the Court may grant a default judgment after default has been entered by the Clerk. Fed. R. Civ. P. 55(b)(2). The Ninth Circuit has articulated the following factors for courts to consider in determining whether default judgment should be granted: (1) the substantive merit of the plaintiff's claims; (2) the sufficiency of the complaint; (3) the amount of money at stake; (4) the possibility of prejudice to the plaintiff if relief is denied; (5) the possibility of disputes to any material

facts in the case; (6) whether default resulted from excusable neglect; and (7) the public policy favoring resolutions of cases on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted). "Plaintiff is required to prove all damages sought in the complaint. In addition, [a] judgment by default shall not be different in kind [or] exceed in amount that prayed for in the [complaint]. In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing . . . . If proximate cause is properly alleged in the complaint, it is admitted upon default. Injury is established and plaintiff need prove only that the compensation sought relates to the damages that naturally flow from the injuries pled." *Phillip Morris USA, Inc. v. Castworld Prods.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citations omitted).

A default judgment on fewer than all defendants must comply with Federal Rule of Civil Procedure 54(b), which provides: "[T]he court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order . . . that adjudicates fewer than . . . all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b) (emphasis added).

### *Discussion*

**A. Motion to Set Aside Default**

*1. Whether the Plaintiff Would Be Prejudiced by a Set-aside.*

To be prejudicial, "the standard is whether [plaintiff's] ability to pursue his claim will be hindered." *Falk*, 739 F.2d at 463; *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001); *see also Thompson v. American Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996) (stating that "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion").

Here, the Court finds that setting aside the default will not be prejudicial to the Plaintiff. Although Plaintiff has spent a significant amount of time and resources since filing the Complaint, no tangible harm arises by a set-aside. The delay will not result in the loss of evidence or increased

difficulties of discovery. Furthermore, Plaintiff's ability to obtain relief still exists through litigation. Thus, the Court finds that Plaintiff would not be prejudiced by a set aside.

*2. Whether the Defendant Can Present a Meritorious Defense to the Claim.*

"Where timely relief is sought from a default and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994) (citation omitted). To justify vacating the default judgment, a plaintiff must present specific facts that would constitute a defense. *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). The question whether the factual allegation is true is subject to later litigation and not to be determined by the court when it decides the motion to set aside the default. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010).

Here, Suacci alleges that he did not own or control Captain Voltage at the time of the alleged wrongdoing. (Doc. No. 15-1 at 3; Doc. No. 19 at 2.) Specifically, Suacci alleges that control of the company and bank accounts was transferred to Defendant Shaw in March 2006. (Suacci Decl., ¶¶ 13, 17.) Plaintiff provides evidence refuting the transfer by showing invoices and emails between Plaintiff and Captain Voltage that pre-date the alleged sale of the company. (Doc. No. 18 at 12; Ex. 4.) The evidence that Plaintiff provides, despite Suacci using the title "C.O.O." in an email signature, does not prove whether Suacci in fact still obtained ownership of Captain Voltage at the time of the alleged wrongdoing. Suacci declares that although officially transferring his shares in Captain Voltage to E-Village, LLC in February 2007, he had foregone control in March 2006. (Doc. No. 19 at 2; Suacci Decl., ¶¶ 13, 17.) Furthermore, Plaintiff provides evidence that Suacci was listed as an owner of "E-Village Solar" on an online networking website. (Doc. 18-5 at 24.) Suacci, however, claims that he "never had an ownership interest" in E-Village, LLC, a co-judgment debtor, to which shares of Captain Voltage were allegedly transferred. (Doc. No. 19 at 3; Suacci Decl., ¶¶ 18.) Suacci's factual statements that he had forgone ownership of Captain Voltage before the alleged wrongdoing and that he did not have ownership interest in E-Village, LLC, if true, constitute a meritorious defense to Plaintiff's claims.

*3. Whether the Defendant's "Culpable Conduct" Led to the Default.*

A party's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer the complaint. *In re Hammer*, 940 F.2d 524, 526 (9th Cir. 1991); *Gregorian v. Izvestia*, 871 F.2d 1515, 1523 (9th Cir. 1989); *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 81, 815 (9th Cir.1985). On a motion to set aside a default judgment, the movant's factual statement supporting his defense will be deemed to be true. *Falk*, 739 F.2d at 463; *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978).

Here, Suacci alleges that he did not receive actual or constructive notice of the filing of the action. (Doc. No. 15-1 at 6; Doc. No. 19 at 3-4.) On May 6, 2011, Plaintiff attempted to serve Suacci through its retained process server, E.S.Q. Services, Inc. ("ESQ") at what was believed to be his residential address of 3051 Avenida De Lamar, Spring Valley, CA 91977. (Decl. Simenton, Suacci, ¶ 5; Ex. 5.) Suacci, however, alleges that he moved from 3051 Avenida De Lamar to his current residence, 3043 Avenida De Lamar, Spring Valley, CA 91978, in 2006. (Doc. No. 15-1 at 2; Suacci Decl. ¶ 1.) On May 12, 2011, Plaintiff also attempted service at the 3043 Avenida De Lamar address but ESQ noted that the "address [was] being remodeled, nobody living there for the time being." (Doc. No. 20-2; Ex. 8.) Plaintiff then attempted and failed to provide personal service at an address believed to be Suacci's usual place of business at 7980 Ronson Road, San Diego, CA 92111 on June 10, 2011. (Doc. 18 at 3.) Finally, service was properly completed at Suacci's self-admitted usual place of business, 5457 Ruffin Road, San Diego, CA 92123, by substituted service upon the person apparently in charge, "Nicole S." (Doc. No. 14; Doc. No. 18 at 7.) Plaintiff thereafter mailed a copy of the Summons and Complaint to the same address. (Doc. No. 14; Doc. No. 18 at 7.)

Suacci claims that he never received the Summons and Complaint said to have been served at 5457 Ruffin Road. (Doc. No. 19 at 3; Suacci Decl. ¶ 4.) Moreover, he also alleges that he first learned of the lawsuit in late August 2011 through his aunt "who happened to come across the lawsuit while perusing the internet" (Doc. No. 19 at 3; Suacci Decl. ¶ 6.); he did not evade service (Doc. No. 19 at 4; Suacci Decl. ¶ 8.); and he did not receive the Summons and Complaint via delivery at his office, home, or otherwise, and he first saw the Complaint after he retained counsel and counsel retrieved a copy from the Court's website. (Doc. No. 19 at 3; Suacci Decl. ¶ 9.)

Taking Suacci's factual statements as true on its face, the Court finds that Suacci did not engage in "culpable conduct" leading to the default. Suacci alleges that he did not receive actual notice of the lawsuit. (Suacci Decl., ¶¶ 4, 5, 7, and 9.) Furthermore, Plaintiff provides no evidence showing that Suacci attempted to evade service or acted in bad faith. Plaintiff's accusations that Suacci knew of the Summons and Complaint and chose to ignore it are devoid of factual support. Thus, no culpable conduct is found.

*4. Whether Service upon Suacci of the Summons and Complaint Were Proper.*

Rule 4(m) of the Federal Rules of Civil Procedure requires service of process of the summons and complaint on the Defendants within 120 days of filing the complaint. Fed. R. Civ. P. 4(m). If a plaintiff fails to serve the summons and complaint within 120 days, the court may dismiss the action without prejudice after giving notice to the plaintiff. *Id.*

Here, Plaintiff provided sufficient evidence to show proper service of the Summons and Complaint. Plaintiff attempted to personally serve Suacci at three different locations. (Doc. No. 18 at 3-5.) One such location, 3043 Avenida De Lamar, was correctly identified as Suacci's home but vacant at the time of attempted service. (Doc. No. 20-2; Ex. 8.) On June 14, 2011, Plaintiff successfully completed substituted service upon "Nicole S.," the person apparently in charge at Suacci's self-admitted usual place of business located at 5457 Ruffin Road, San Diego, CA 92111. (Doc. No. 14; Doc. No. 18 at 7.) On October 6, 2011, an Amended Proof of Service was filed with the Court because ESQ had inadvertently listed the service address as 7980 Ronson Road instead of the 5457 Ruffin Road address where it had actually completed substituted service (and where it had mail-served the Summons and Complaint.) (Doc. No. 14; Doc. No. 20.) Thus, service upon Suacci was proper.

*5. Conditions for the Relief Requested.*

Reasonable conditions may be imposed in granting a motion to vacate a default judgment. *Nilsson, Robbins,et al. v. Louisiana Hydrolec*, 854 F.2d 1538, 1546 (9th Cir. 1988). The condition most commonly imposed is that the defendant reimburse the plaintiff for costs incurred because of the default. *Id.* In some cases, it may also be appropriate for the defendant to be required to post bond to secure the amount of the default judgment pending a trial on the merits. *Id.*

Here, Plaintiff seeks attorney's fees and costs relating to the costs to locate, to serve, and to obtain the default against Suacci. Plaintiff also seeks a bond in the amount of $20,000.00 as a condition to set aside the default. The Court finds that only attorney's fees and costs associated with obtaining the default are appropriate. Thus, Plaintiff must file a declaration of fees and costs for the Court to review showing the billing, dates, amounts of time and services, as well as the hourly rates and the basis for such rates and costs.

### *Conclusion*

For the reasons set forth above, the Court finds Suacci has demonstrated good cause to set aside the default because Plaintiff will not be prejudiced, Suacci presented a meritorious defense to the claim, and no culpable conduct was found. Suacci's Motion to Set Aside Default (Doc. No. 15) is hereby GRANTED, and Plaintiff's Motion for Default Judgment (Doc. No. 8) is hereby DENIED. It is therefore ORDERED that the default entered against Suacci on July 18, 2011 be set aside.

The Court finds that service of Suacci was proper and completed upon Suacci on June 14, 2011. As a condition for the relief requested, the Court hereby GRANTS Plaintiff's request for fees and costs incurred obtaining the default and ORDERS Plaintiff to file a declaration in support thereof on or before November 23, 2011. Defendant Suacci's response to Plaintiff's declaration of fees and costs is due on or before December 7, 2011. A hearing on the amount of fees and costs is set for December 21, 2011 at 1:30 p.m. in Courtroom 12 before Judge Battaglia.

Since Defendant Suacci has not yet filed a responsive pleading to the Plaintiff's Complaint, he must do so on or before December 2, 2011.

IT IS SO ORDERED.

DATED: November 9, 2011

Hon. Anthony J. Battaglia
U.S. District Judge