UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Solar Liberty Energy Systems, Inc., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> MARK SUACCI, an individual; SHANE ) <br> SHAW, an individual; E-VILLAGE, INC. ) <br> dba ) <br> E-VILLAGE SOLAR, ) <br> ) <br> Defendants. ) | Civil No. 11cv884 AJB (RBB) <br><br> ORDER DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT AS TO DEFENDANTS SHANE SHAW AND E-VILLAGE, INC. <br><br> [Doc. Nos. 26 and 37] |

Plaintiff filed motions for default judgment (Doc. Nos. 26 and 37) against Shane Shaw ("Shaw") and E-Village, Inc. dba E-Village Solar (E-Village, Inc.) on December 1, 2011 and January 20, 2012, respectively.[1] Both motions are unopposed. The hearing currently set for February 24, 2012, at 1:30 p.m. before Judge Battaglia is hereby VACATED as the Court finds this motion appropriate for submission on the papers without oral argument pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, the Plaintiff's motions for default judgment against Shane Shaw (Doc. No. 26) and E-Village, Inc. (Doc. No. 37) are hereby DENIED WITHOUT PREJUDICE.

///

---

[1] The Clerk of Court entered default against Defendant Shaw on November 30, 2011, (Doc. No. 25), and against Defendant E-Village, Inc. on January 6, 2012, (Doc. No. 34).

1                                                                                    11cv884

///

## *Background*

Plaintiff Solar Liberty Energy Systems, Inc. engages in the business of selling and installing solar modules. (Doc. No. 18, at 1.) Plaintiff agreed to purchase solar modules from Captain Voltage and E-Village LLC for the total amount of $971,349.00 in early 2006. (Doc. No. 18 at 2.) Plaintiff claims that merchandise totaling $823,696.00 was delivered, with $147,653.00 in merchandise undelivered. *Id.* Plaintiff also claims to have incurred $2,950.00 for freight charges that Captain Voltage and E-Village LLC agreed to pay but failed to do so. *Id.*

On January 12, 2010, Plaintiff obtained a default judgment in the United States District Court in the Western District of New York in the amount of $201,103.96 against Captain Voltage and E-Village, LLC. *Id.* The judgment was entered against Captain Voltage and E-Village, LLC on February 24, 2010. *Id.* On March 14, 2011, Plaintiff received an "Exemplification Certificate" from the United States District Court for the Western District of New York for the February 24, 2010 judgment. (Decl. Simenton, ¶ 2; Exhibit 2.) On March 18, 2011, Plaintiff obtained a Clerk's Certification of Judgment, which was registered in California. *Id.* On March 24, 2011, Plaintiff obtained a Writ of Execution for $220,631.83, plus daily interest at the rate of $49.59. (Decl. Simenton, ¶ 2; Exhibit 3.)

Following entry of the judgment, Plaintiff alleges that Captain Voltage became a suspended corporation and that Suacci and Shaw transferred the assets of Captain Voltage and/or E-Village, LLC to themselves and/or E-Village, Inc. in order to avoid paying the judgment amount.[2] (Compl. ¶ 30.) Plaintiff claims that Suacci and Shaw are, or were, the owners of Captain Voltage and E-Village, LLC. (Compl. ¶ 31.) Plaintiff also contends that E-Village, Inc. agreed to be liable for the amount due under agreement by Captain Voltage and E-Village LLC, through its owners, Suacci and Shaw. (Compl. ¶ 32.) Plaintiff alleges that Defendants Suacci and Shaw have acknowledged and agreed in writing that Plaintiff is owed the judgment amount of $201,103.96. *Id.* Plaintiff claims that Captain Voltage and E-Village Solar LLC are the Defendants' agent and alter ego, yet Suacci and Shaw have held themselves personally liable for the debt. *Id.*

---

[2] Plaintiff alleges that Shaw, E-Village Inc., and Suacci could not be added to the 2010 New York judgment in California, because it was obtained by default. (Doc. No. 18, at 2.)

///

## *Procedural History*

On April 26, 2011, the Plaintiff filed the instant Complaint against Shaw, E-Village Inc., and Suacci. (Doc. No. 1.)  Plaintiff has provided proof showing that they have been unable to locate Shaw despite reasonable efforts, (Doc. No. 9).  The Court granted Plaintiff's motion to serve Shaw by publication pursuant to Rule 4(e)(1) on September 8, 2011, (Doc. No. 12). On October 14, 2011, Plaintiff filed a declaration attesting to and attaching the "Certificate of Publication" complying with the order, (Doc. Nos. 17 and 22).  Accordingly, Shaw would have been required to file a responsive pleading on or before November 1, 2011, which was twenty-one (21) days after the last date of publication of the Summons, pursuant to Federal Rule of Civil Procedure Rule 12(a)(1)(A).  Shaw did not file a responsive pleading, appear, or defend the suit in any way.  The Plaintiff requested entry of default against Shaw, (Doc. No. 26), on November 29, 2011, which was entered by Clerk on November 30. 2011.  On December 1, 2011, Plaintiff filed a Motion for Default Judgment against Shaw in the amount of $201,103.96, plus interest accruing at $49.59 per day from February 24, 2010 (Doc. 26).

The Plaintiff alleges that the Summons and a copy of the Complaint were properly and timely served upon E-Village, Inc. via certified postal mail delivered to "The Company Corporation" on August 5, 2011, (Doc. No. 32).  E-Village, Inc. did not file a responsive pleading, appear, or defend the suit in any way.  Plaintiff requested entry of default against E-Village, Inc., (Doc. No. 33), which was entered by the Clerk of Court on January 6, 2012, (Doc. No. 34).  On January 20, 2012, Plaintiff filed the instant motion for default judgment against E-Village, Inc. in the amount of $201,103.96, plus interest accruing at $49.59 per day from February 24, 2010, (Doc. No. 37).

## *Legal Standard*

The Clerk of the Court may enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).  The Court may grant a default judgment after the Clerk's entry of default. Fed. R. Civ. P. 55(b)(2). The Ninth Circuit has articulated the following factors for courts to consider in determining whether default judgment should be granted:

> (1) the substantive merit of the plaintiff's claims, (2) the sufficiency of the complaint, (3) the amount of money at stake, (4) the possibility of preju-

>dice to the plaintiff if relief is denied, (5) the possibility of disputes to any material facts in the case, (6) whether default resulted from excusable neglect, and (7) the public policy favoring resolutions of cases on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation omitted). "Plaintiff is required to prove all damages sought in the complaint. In addition, [a] judgment by default shall not be different in kind [or] exceed in amount that prayed for in the [complaint]. In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing . . .. If proximate cause is properly alleged in the complaint, it is admitted upon default. Injury is established and plaintiff need prove only that the compensation sought relates to the damages that naturally flow from the injuries pled." *Phillip Morris USA, Inc. v. Castworld Prods.*, 219 F.R.D. 494, 498 (CD. Cal. 2003) (citations omitted).

A default judgment on fewer than all defendants must comply with Federal Rule of Civil Procedure 54(b), which provides: "[T]he court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order ... that adjudicates fewer than ... all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b) (emphasis added).

### *Discussion*

The Plaintiff's proposed final judgment applies to less than all defendants in this action and seeks the full amount of $201,103.96, plus interest accruing at $49.59 per day from February 24, 2010, from each of the Defendants.  The Plaintiff make no mention of the non-defaulting Defendant, Mark Suacci, who has filed an answer to the complaint. Under Rule 54(b), the Court must consider whether it is proper to enter judgment against some, but not all Defendants. The Plaintiff fails to discuss the relationship between the defaulting and non-defaulting Defendants, which is integral to the Court's analysis of the instant motions. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872) (holding that where one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered

against the defaulting defendant until the matter has been adjudicated in regard to all the defendants); *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (extending rule "to apply to defendants who are similarly situated, even if not jointly and severally liable").

While the Court may direct entry of the final judgment under Fed. R. Civ. P. Rule 54(b) as to less than all parties upon concluding "there is no just reason for delay," whether to direct such entry of a final judgment "is to be exercised in the interest of sound judicial administration." *Curtiss-Wright v. General Electric*, 446 U.S. 1, 8 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956)). When considering whether there is no just reason for delay in directing a judgment under Rule 54(b), courts must attempt to avoid permitting piecemeal appeals. *Id* Given the ongoing nature of this case with regard to the non-defaulting Defendant Suacci, the Court does not wish to make findings as to the sufficiency of the pleadings at this time since the Plaintiff has not articulated any means by which this Court could plausibly separate the claims among the Defendants. Although Plaintiff has spent significant time and resources since filing the Complaint, the Court finds that a delay in entering judgment against these Defendants will not result in the loss of evidence or increased difficulties with regard to discovery. As such, the Plaintiff's motions are hereby DENIED.

### *Conclusion*

For the reasons set forth above, the Plaintiff's motions for default judgment against Shane Shaw (Doc. No. 26) and E-Village, Inc. (Doc. No. 37) are hereby DENIED WITHOUT PREJUDICE. The deadline for an amended default judgment motion will be the date of trial against the non-defaulting Defendants. If this action is resolved before trial, Plaintiffs must move for default judgment within 30 days of the resolution of the claims.

IT IS SO ORDERED.

DATED: February 22, 2012

Hon. Anthony J. Battaglia
U.S. District Judge